IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM J. COOK, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 2:07-CV-0068-RWS |
| : | |
| KMART CORPORATION, d/b/a : | |
| SEARS HOLDINGS CORP., : | |
| : | |
| Defendant. : | |

## ORDER

This action comes before the Court on Plaintiff William J. Cook's

Motion to Remand to Forsyth County Superior Court [5]. After reviewing the

entire record, the Court enters the following Order.

### Background

Plaintiff William J. Cook, proceeding *pro se*, brought this action in the

Superior Court of Forsyth County on May 16, 2007, alleging fraud under state

law. In January of 2002, Defendant Kmart Corporation declared bankruptcy

and initiated bankruptcy proceedings in the Bankruptcy Court of the Northern

District of Illinois.  One month later, Plaintiff purchased 1,000 shares of Kmart stock at $0.87/share.  (See Pl.'s Compl. ¶ 3.)  Approximately one year later, on April 23, 2003, the Bankruptcy Court confirmed Kmart's Joint Plan of Reorganization (the "Plan"), which provided that all existing common stock in Kmart was cancelled, although stockholders retained the right to share in the proceeds of certain litigation brought against former insiders and accountants of Kmart.  (See Ex. C to Def.'s Not. of Removal [1].)  Plaintiff alleges that Defendant committed fraud by "selling common stock with no intention of honoring the trust investors put in the company by buying Kmart common stock."  He seeks recovery of his $870 investment.  (See Pl.'s Compl. ¶ 5.)

Defendant removed the case to this Court on June 14, 2007.  In its Notice of Removal, Defendant states that, even though its bankruptcy proceedings have apparently concluded in the Northern District of Illinois, removal is proper because the action is "related to" its bankruptcy proceedings within the meaning of 28 U.S.C. § 1334.  (See Notice of Removal [1].)  Plaintiff's timely Motion to Remand followed.  The Court now takes up Plaintiff's Motion.

## Discussion

Plaintiff moves to remand this action to state court, arguing that this

2

Court must abstain from exercising jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

> Under 28 U.S.C. § 1334,
>
> > Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) mandates that a federal court refrain from exercising jurisdiction, or remand a matter to state court, <u>Christo v. Padgett</u>, 223 F.3d 1324, 1331 (11th Cir. 2000), where four requirements are met:

> (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.

3

In re United Container LLC, 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002); accord In re Fulton, Nos. 00-2005, 99-21521, 2000 WL 33952875, at *1 (S.D. Ga. June 29, 2000).

Here, the parties agree that the first, third, and fourth requirements of mandatory abstention are satisfied: (1) the claim has no independent basis for federal jurisdiction; (3) an action has been commenced in state court, and (4) the action could be adjudicated timely in state court.  Defendant insists, however, that this is a "core" proceeding under 28 U.S.C. § 157(b)(2) because Plaintiff's complaint seeks to review the bankruptcy court's administration of the estate and the alleged equity security holder relationship between Kmart and Plaintiff.  (See Notice of Removal [1] ¶ 13.)  For the reasons that follow, the Court disagrees.

The Eleventh Circuit, for purposes of determining whether an action is a "core" proceeding under 28 U.S.C. § 157, adheres to the guidance offered by In re Wood, 825 F.2d 90 (5th Cir. 1987).  See In re Toledo, 170 F.3d at 1348. There, the Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a

4

>  preference.  If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt.  If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

In re Wood, 825 F.2d at 97.

Thus, in determining whether the instant case constitutes a "core" proceeding not subject to mandatory abstention, this Court must decide whether it "invokes a cause of action, or substantive right, created by a specific section of the Bankruptcy Code."  In re Toledo, 170 F.3d at 1349.  The Court concludes that it does not.

Plaintiff's claims derive solely from the common law of Georgia.  Although their genesis does not, in isolation, answer the question of whether the instant proceeding is "non-core," it is a salient consideration in the Court's analysis.  See id. at 1349.  More important, however, is that a state law fraud claim alleging misrepresentations concerning a company's financial condition is not a claim that arises only in the context of a bankruptcy proceeding.  See

5

AO 72A
(Rev.8/82)

Control Ctr., L.L.C. v. Lauer, 288 B.R. 269, 277 (Bkrtcy. M.D. Fla. 2002). That is, "[h]ad there been no bankruptcy, this action could have proceeded in a state court, and would be virtually identical to this action despite [Kmart's] reorganization." See id.; see also Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990) (holding that common law fraud claims brought against shareholders, officers, directors and managing agents of a corporation that filed bankruptcy were not barred by the bankruptcy court's order confirming the Reorganization Plan, in part, because "the bankruptcy court would not have had jurisdiction to hear [the plaintiff's] claims against the defendants"); In re Freehand H.J., Inc., No. 07-0152, 2007 WL 1740806, at *4  (Bkrtcy. E.D. Pa. Jun. 13, 2007) (remanding action to state court based on common-law fraud because such an action is "not created or invoked by the Bankruptcy Code," but only "could conceivably have an effect on the estate being administered," which renders it a non-core proceeding (citing Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006))); In re Brooks Mays Music Co., 363 B.R. 801, 810-11 (Bkrtcy. N.D. Tex. 2007) (same); In re Durson Supermarkets, Inc., 170 B.R. 211, 215-16 (Bkrtcy. S.D.N.Y. 1994) (same).

AO 72A
(Rev.8/82)

Because this action does not invoke a substantive right under the bankruptcy laws, and does not arise only in the context of bankruptcy proceedings, the Court concludes that this proceeding is non-core. Under 28 U.S.C. § 1334(c)(2), this Court must remand this action to state court. Accordingly, Plaintiffs Motion to Remand [5] is **GRANTED**.

## Conclusion

Plaintiffs' Motion to Remand [5] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Forsyth County, Georgia.

**SO ORDERED** this   10th   day of August, 2007.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)